Avert, J.
The plaintiff in error claims that the facts shown-to exist in the case make out a defense upon two grounds •.
1. A failure of consideration after the execution of the notes.
2. A rescission of the contract.
To support the defense upon the first point, he cites Swan’s Stat. 685, allowing the want or failure of consideration -Ho be proved on the trial; and, in addition to this, repeated decisions upon the same question in several of the states.
That the .want or failure of consideration, when shown, constitutes a defense, is directly asserted in the statute, and is very-clear from the authorities referred to; so that we have only to look into the testimony and see if there is either a failure of consideration, or a rescission of the contract, to defeat an action upon tho-notes. Clark and others, whose names appear amongst the papers of the case, purchased a large tract of land, each having an interest in proportion to their share of the purchase money. A part, only, of the price of the land, was paid down; and to secure the re *254 mainder, a mortgage on the same premises was executed by the purchasers to the vendors. It was believed, at the time, to be an advantageous purchase, and that large profits would be realized from the investment. On June 9, 1836, the plaintiff’s intestate negotiated with Clark for an interest in the premises, and took an .agreement, under seal from Clark, for a certain proportion, described in the agreement as two and a half shares in the Franklin Land Company. In the agreement it was provided that he should pay to Clark the amount specified in the notes here declared upon, .and to Kent, one of the vendors, whatever balance of purchase money might remain, and he should be entitled to a transfer on the books of the company as soon as he should pay the several ■sums of money above mentioned, and indemnify Clark for any future liabilities to Kent. This agreement and the notes were executed on the same day. Now, had this investment made by the several purchasers of the land turned out, as was anticipated, to be a very profitable one, there would have been no failure of consideration ; the shares could then have been sold at an advance, and the mortgage debt could easily have been paid off. In that case, Clark would lose the benefit of the increased value of these shares; for he could have been compelled, if necessary, to convey them according to his agreement. Button stands, *then, in this condition: He is the owner, in equity, of the shares; is entitled, of course, to have all the benefit of their advance in value, and to take them at any time by paying the notes and mortgage according to his agreement; he may, for the purposes of this inquiry, be treated as •choosing to leave them in Clark’s possession ; and it is of no consequence if they are to depreciate, and a,t length to become of no value, whether they become so in his own hands or in the possession of Clark. If the interest of Clark at the time of the agreement was sufficient to constitute a valid consideration for the notes, and I do not see how this proposition can be denied, the notes at that time created a legal obligation to pay. Would it not be a new principle that should hold that obligation destroyed, because by some subsequent event, such interest loses its value ? If the vendor must bear the loss on the article sold, his notes should not be the limit of his demand when the article raises in value. The loss of this interest in the land then, by being sold to pay the debt for which it had been mortgaged, can not be regarded as a failure of the consideration of the notes in the declaration specified, and *255 that ground of the defense must fail. Can a recovery upon the notes be prevented on the other ground taken—that the contract has been rescinded ? It must be remembered that Button, the purchaser of those shares, which are seen to be nothing but a certain interest in land, never paid any part of the notes, nor any part of the mortgage debt, according to his agreement, and as his -duty as the equitable owner of that interest required; that his representatives, as well as Clark, were made defendants to the bill of Pomeroy and Rhodes, for a foreclosure of their mortgage; and that by the proceedings upon this mortgage, a sale was effected, and only a part of the mortgage debt paid by the sale. To the bill in chancery, by which the mortgage given to Kent was foreclosed, the representatives of Button, as well as Clark, were likewise made defendants. And in this case, also, a sale of the whole premises was effected; and after applying the proceeds toward the payment *of the mortgage debt, a large balance was left unsatisfied. From the evidence it seems to be satisfactorily shown that all the lands purchased, in which must of course be included the two and a half shares aforesaid, were disposed of by regular •sale, under proceedings to foreclose the mortgages; and that, as they brought a sum much less than sufficient to satisfy the mortgages, Clark is chargeable with no fault because the lands were at length brought to a sale. It is claimed that Clark rescinded the contract, when he agreed to submit to a decree, and execute to Kent a deed of his stock, in satisfaction of his own notes and his indebtedness thereon. But it is believed, according to the evidence, that his agreement to execute, or his actually executing a deed for his stock, had not, and could not have had any greater effect to pass the stock, than the decrees and sales under them. Still, as the evidence shows, he has not up to the present time executed a deed, and thus has not done the act contemplated—to pass the legal title. Nor does it appear that Button' or his representatives have ever desired that a deed should be made; and for a number of years even before the sale of the lands under the proceedings to foreclose, there appeared to be no inducement for desiring the title; for they had lost all their value, except as contributing toward a discharge of the mortgage incumbrances. Looking at the whole circumstances of this case, we can not regard the contract as rescinded. If, in behalf of the representatives, there is any equity which should put an end to this contract, and *256 prevent the collection of these notes, or which should demand relief in any other mode, the redress is properly to be sought in chancery. If there is any legal right yet remaining, it is in the power of these representatives to enforce it by proceedings upon the agreement under seal which is in their hands. They have no valid defense against the notes, and the judgment of the Supreme Court in Portage county is affirmed.